**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **EDWIN MENDOZA-LOPEZ** | ) |
| 2913 John Marshall Dr. | ) |
| Falls Church, VA 22044 | ) |
| | ) |
| **JUAN CARLOS MENDOZA-LOPEZ** | ) |
| 2913 John Marshall Dr. | ) |
| Falls Church, VA 22044 | ) |
| | ) |
| **ADAN MENDOZA-LOPEZ** | ) |
| 2913 John Marshall Dr. | ) |
| Falls Church, VA 22044 | ) |
| | ) |
| **ANAHEL ANDINO** | ) |
| 2913 John Marshall Dr. | ) |
| Falls Church, VA 22044 | ) |
| | ) |
| **ADIN LAGOS-MARTINEZ** | ) |
| 7070 Skyles Way, #102 | ) |
| Springfield, VA 22151 | ) |
| | ) |
| **JORGE CONTRERAS-OROSCO** | ) |
| 3042 Patrick Henry Dr. | ) |
| Falls Church, VA 22044 | ) |
| | ) |
| **GREBIL MARTINEZ-SANCHEZ** | ) |
| 7070 Skyles Way, #102 | ) |
| Springfield, VA 22151 | ) |
| | ) |
| **ADONAY CHACON-SANTOS** | ) |
| 55 11th St., #211 | ) |
| Alexandria, VA 22311 | ) |
| | ) |
| **PABLO AVEDANO-ZEPEDA** | ) |
| 5924 9th St. NW | ) |
| Washington, D.C. 20011 | ) |
| | ) |
| **JUAN PABLO GARCIA-FLORES** | ) |
| 601 Kennedy St. NW | ) |
| Washington, D.C. 20011 | ) |
| | ) |
| **JOSE ANTONIO MARTINEZ** | ) |
| 6232 Georgia Ave. NW | ) |
| Washington, D.C. 20011 | ) |

| | |
|---|---|
| and ) | |
| ) | |
| **EDELMA QUINONEZ-SALGUERO** ) | |
| 8113 15th St. Apt. 4 ) | |
| Langley Park, MD 20783 ) | |
| ) | |
| *Plaintiffs, on behalf of themselves and all* ) | |
| *similarly-situated individuals* ) | |
| ) | |
| v. ) | |
| ) | |
| **JOHN MORIARTY & ASSOCIATES** ) | Case 1:16-cv-02341-CRC |
| **OF VIRGINIA, LLC** ) | |
| 1005 N Glebe Rd Ste. 200 ) | |
| Arlington, VA 22201 ) | |
| *Serve on*: ) | |
| Christopher J. Brown ) | |
| 1005 N. Glebe Rd, Ste. 200 ) | |
| Arlington, VA 22201 ) | |
| ) | |
| ) | **JURY TRIAL DEMANDED** |
| **CCE SPECIALTIES, LLC** ) | |
| 11130 Dennis W. Kerns Parkway ) | |
| King George, VA 22485 ) | |
| *Serve on*: ) | |
| CT Corporation System ) | |
| 4701 Cox Rd., Ste. 285 ) | |
| Glen Allen, VA 23060 ) | |
| ) | |
| **MJL CONSTRUCTION, INC.** ) | |
| 6054 Ponhill Dr. ) | |
| Dale City, VA 22193-0000 ) | |
| ) | |
| **JUAN LUIS RODRIGUEZ-MURILLO** ) | |
| 6054 Ponhill Dr. ) | |
| Dale City, VA 22193-0000 ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

## CLASS AND COLLECTIVE ACTION AMENDED COMPLAINT

### Nature of the Action

1. Defendant general contractor John Moriarty & Associates of Virginia, LLC ("Moriarty") subcontracted with Defendant CCE Specialty, LLC ("CCE"), to perform dry wall and metal

2

framing work at a renovation taking place at The Apollo at 600 H Street N.E., Washington, D.C. ("the project"). CCE hired Defendant Juan Luis Rodriguez-Murillo ("Rodriguez") and his company MJL Construction, Inc. ("MJL") to recruit workers for the project and to serve as a "pass-through" for wages. The Plaintiffs and similarly-situated individuals are workers who were initially recruited by Rodriguez to perform work for CCE on the project, and who worked from approximately March of 2016 to approximately September of 2016.

2. The Plaintiffs and similarly-situated individuals have received no pay for between three and six weeks of work in the summer of 2016. All of the Plaintiffs also worked overtime—in excess of 40 hours—many work weeks and never received an overtime premium. They were also misclassified as independent contractors and did not receive checks with proper payroll deductions.

3. Plaintiffs, on behalf of themselves and similarly-situated individuals, bring this action to recover damages for Defendants' willful failure to pay wages and for fraudulent misclassification.

4. Plaintiffs, on behalf of themselves and similarly-situated individuals, assert claims under: a) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq*.; b) the District of Columbia Minimum Wage Act Revision Act ("DCMWRA"), D.C. Code §§ 32-1001 *et seq*.; c) the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code §§ 32-1301 *et seq*.; and the D.C. Workplace Fraud Act ("DCWFA"), D.C. Code §§ 32-1331.01-.15.

5. Plaintiffs, on behalf of themselves and all similarly-situated individuals, bring their FLSA claim as a "collective action" pursuant to 29 U.S.C. § 216(b), and their DCMWRA, DCWPCL, and DCWFA claims as a class action pursuant to Fed. R. Civ. P. 23.

### Jurisdiction and Venue

6. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 216(b) (FLSA jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred in this district.

### Parties

8. Plaintiff Adan Mendoza-Lopez is an adult resident of Virginia, residing at the address in the caption above.

9. Plaintiff Anahel Andino is an adult resident of Virginia, residing at the address in the caption above.

10. Plaintiff Giebil Martinez-Sanchez is an adult resident of Virginia, residing at the address in the caption above.

11. Plaintiff Jorge Contreras-Orosco is an adult resident of Virginia, residing at the address in the caption above.

12.  Plaintiff Juan Carlos Mendoza-Lopez is an adult resident of Virginia, residing at the address in the caption above.

13. Plaintiff Adin Lagos-Martinez is an adult resident of Virginia, residing at the address in the caption above.

14. Plaintiff Edelma Quiñonez-Salguero is an adult resident of Maryland, residing at the address in the caption above.

15. Plaintiff Edwin Mendoza-Lopez is an adult resident of Virginia, residing at the address in the caption above.

16. Plaintiff Adonay Chacon-Santos is an adult resident of Virginia, residing at the address in the

caption above.

17. Plaintiff Pablo Avedano-Zepeda is an adult resident of the District of Columbia, residing at the address in the caption above.

18. Plaintiff Jose Antonio Martinez is an adult resident of the District of Columbia, residing at the address in the caption above.

19. Plaintiff Juan Pablo Garcia-Flores is an adult resident of the District of Columbia, residing at the address in the caption above.

20. Defendant Moriarty is a full-service construction firm with expertise in complex projects in the private sector in the metropolitan Washington, D.C. area. Moriarty's headquarters is located at 3 Church Street, Suite 2, Winchester, Massachusetts. Moriarty's regional office is at 1005 North Glebe Road, Suite 200, Arlington Virginia.

21. Defendant CCE is a construction firm with expertise in cold formed metal framing, Aegis metal trusses, drywall and acoustical solutions in the metropolitan Washington, D.C. area. Its principal place of business is located at 11130 Dennis W. Kerns Parkway, King George, Virginia.

22. MJL Construction, Inc. (MJL) is a corporation based in Dale City, Virginia. Upon information and belief, CCE contracted with MJL to provide labor for the project.

23. Upon information and belief, Defendant Juan Luis Rodriguez-Murillo is the owner/operator and president of MJL and is therefore an "employer" pursuant to 29 U.S.C. § 203(d) (the FLSA); D.C. Ann. Code at § 32-1002(3) (the DCMWRA); D.C. Ann. Code § 32–1301(1) (the DCWPCA); and D.C. Code Ann. § 32-1331.03 (the DCWPFA).

24. At all relevant times, each Defendant employed at least two people.

25. By information and belief, at all relevant times, each Defendant had an annual dollar volume

of sales or business done of at least $500,000.

26. At all relevant times, Plaintiffs and similarly-situated individuals were engaged in commerce or in the production of goods for commerce.

27. At all relevant times, and with respect to Plaintiffs and similarly-situated individuals, Defendant CCE had and exercised both actual and apparent authority to hire and fire, direct and supervise work, and bind and set wage and hour policies.

28. At all relevant times, Defendants CCE, MJL, and Rodriguez were joint employers of Plaintiffs and similarly-situated individuals within the meaning of 29 U.S.C. § 203 (d) (FLSA), D.C. Code § 32-1002(3) (DCMWRA), and D.C. Code § 32-1301(1) (DCWPCL).

29. At all relevant times, Plaintiffs and similarly-situated individuals were employees of Defendants CCE, MJL, and Rodriguez within the meaning of 29 U.S.C. § 203(g) (FLSA), D.C. Code § 32-1002(1)–(2) (DCMWRA), D.C. Code § 32-1301(2) (DCWPCL), and D.C. Code §§ 32-1331.01-.15.

30. At all relevant times, Defendant Moriarty was the general contractor for the project where the Plaintiffs and similarly-situated individuals performed work.

**Factual Allegations**

31. Plaintiffs and similarly-situated individuals worked at a construction project ("the project") located at The Apollo at 600 H Street N.E., Washington, D.C.

32. The work of the Plaintiffs and similarly-situated individuals on the project involved custom cutting and installing of drywall and metal framing, finishing drywall with plaster and paint, and cleaning the area of dust and debris.

33. The general contractor for the project was John Moriarty & Associates of Virginia, LLC.

34. The Plaintiffs and similarly-situated individuals were recruited to work for CCE on the

project by Rodriguez and his company MJL Construction, Inc.

35. Rodriguez and his company MJL hired the Plaintiffs and other similarly-situated individuals and were hired in roughly three different groups to perform work on the project:

*Drywall Installers*

36. Rodriguez and his company MJL first hired Plaintiffs Anahel Andino, Adan Mendoza-Lopez, Juan Carlos Mendoza-Lopez, Edwin Mendoza-Lopez, Jose Antonio Martinez, Juan Pablo Garcia-Flores, Pablo Avedano-Zepeda, and Jorge Contreras-Orosco ("Installers") to perform installation of metal framing and drywall sheets.

   a. Rodriguez and his company MJL said that these Installers would be paid $5 per sheet of drywall installed.

   b. These Installers began work in March of 2016.

   c. These workers were initially paid as promised, but worked 58 hours per week or more and were not paid an overtime premium.

   d. In June 2016, the payments for their work started coming late, then payments stopped completely. These Installers left the project due to lack of payment in August and September 2016.

*Drywall Finishers*

37. Rodriguez and his company MJL hired Plaintiffs Adin Lagos-Martinez, Giebil Martinez-Sanchez, Adonay Chacon-Santos, and similarly-situated individuals ("Finishers") to finish drywall and install insulation.

   a. Rodriguez and his company MJL stated that the Finishers would be paid $14 per hour for finishing drywall. Rodriguez and his company MJL promised Giebil Martinez-Sanchez an additional $8 per hour for the additional responsibilities of (a) ensuring

7

that workers sign into a notebook each morning and (b) communicating with CCE staff about work to be performed.

b. The Finishers began work in March of 2016.

c. These workers were initially paid as promised, though they worked 58 hours per week or more and were not paid an overtime premium.

d. Beginning in June 2016, the payments for the work stopped. The Finishers are owed between five and six weeks of wages for work performed, and unpaid overtime premiums.

*Cleaners*

38. In addition to the Installers and Finishers, upon information and belief Rodriguez and his company MJL were also contracted by CCE to provide cleaners on the project.

    a. Rodriguez and his company MJL hired workers to perform cleaning work on the project. These Cleaners, the majority of whom were women, were responsible for disposing of excess drywall, plaster, and other building materials, and sweeping and mopping the locations where the work was performed.

    b. Rodriguez and his company MJL promised the Cleaners $12 per hour. The Cleaners, like the Installers and Finishers, worked over 40 hours per work week, but did not receive an overtime premium.

    c. Among the named Plaintiffs, Edelma Quiñonez-Salguero, was the lone Cleaner. Upon information and belief, at least seven other Cleaners are similarly-situated – also promised, by Rodriguez and his company MJL, $12 per hour for the work at the Apollo project, not paid an overtime premium, and missing approximately three full weeks of wages.

39. The on-site supervisor of the Plaintiffs and similarly-situated individuals at the project was Moises (last name unknown) ("Moises"), an employee of CCE, who controlled and directed the work, told the Plaintiffs and similarly-situated individuals how to perform their work and who corrected them when he wanted to change something they had done. Moises (last name) told them when to report to work, when to take breaks, and when to leave.

*Similarly-Situated Workers*

40. Upon information and belief, at least 15 other similarly-situated individuals working on project who are also owed money for non-payment of wages and of overtime premiums. These individuals, along with Plaintiffs, were also fraudulently misclassified as independent contractors.

41. The equipment and tools, other than hand tools, used by Plaintiffs and similarly-situated individuals were provided by CCE.

42. Many of the Plaintiffs and similarly-situated individuals participated in a safety training conducted by Moriarty, and wore hard hats with the Moriarty logo.

43. By information and belief, Defendants did not maintain true and accurate records of each hour, day and week worked by Plaintiffs and similarly-situated individuals, as required by the FLSA, DCMWRA, or the regulations promulgated by these laws.

### Collective Action Allegations

44. This action is maintainable as an opt-in collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

45. The Plaintiffs bring their FLSA claims on their own behalf and on behalf of all past and present non-exempt employees of Defendants who, while working on the Project, were not paid for all hours worked and were not paid one and one-half times their regular rate of pay

for those hours worked in excess of forty in any one workweek.

46. On information and belief, there are at least 15 past and present non-exempt employees of Defendants who are similarly-situated to the Plaintiffs in that they were carpenters who were not paid wages on the project.

47. Pursuant to 29 U.S.C. § 216(b), Plaintiffs have consented in writing to be Plaintiffs in this action. Their consent forms will be filed in a separate docket entry.

### Class Action Allegations

48. This action is maintainable as an "opt-out" class action pursuant to D.C. Code § 32-1308 and Federal Rule of Civil Procedure 23.

49. Plaintiffs bring their DCMWRA, DCWPCL, and DCWFA claims on their own behalf, and on behalf of all past and present non-exempt employees of Defendants who, while working on the Project, (1) were not promptly paid at least federal or D.C. minimum wage for all time worked and (2) were not promptly paid one and one-half times their regular rate of pay for those hours worked in excess of forty in any one work week, and (3) were misclassified as independent contractors.

50. On information and belief, there are at least 15 past and present employees of Defendants who are similarly-situated to Plaintiffs in that they were carpenters working on the project who were not promptly paid at least minimum wage for all hours worked and were not paid overtime.

### COUNT I

### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

51. Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

52. The FLSA requires employers to pay non-exempt employees at least the minimum wage for

all hours worked, and an overtime premium of one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one work week. 29 U.S.C. § 207(a)(1).

53. Defendants violated the FLSA by knowingly failing to pay Plaintiffs and similarly-situated individuals for all hours worked and one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

54. Defendants' violations of the FLSA were willful.

55. For their willful violations of the FLSA, Defendants are liable to the Plaintiffs and similarly-situated individuals for unpaid wages, unpaid overtime compensation, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## COUNT II

### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWRA

56. Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

57. The DCMWRA requires that employers to pay non-exempt employees for all hours worked and one and one-half times their regular hourly rate.

58. The DCMWRA states that non-exempt employers must pay non-exempt employees at least the D.C. minimum wage for each hour worked, equal to $10.50 per hour for Plaintiffs' time worked before July 1, 2016, and $11.50 per hour after July 1, 2016.

59. Defendants violated the DCMWRA by knowingly failing to pay Plaintiffs and similarly-situated individuals at least the D.C. minimum wage for all hours worked, and one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

60. Defendants' violations of the DCMWRA were willful.

61. For their violations of the DCMWRA, Defendants are liable to Plaintiffs and similarly-situated individuals for unpaid wages and unpaid overtime compensation, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## COUNT III

### FAILURE TO PAY WAGES UNDER THE DCWPCL

62. Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

63. The DCWPCL requires an employer to promptly pay employees all wages due. D.C. Code § 32-1302(3). For purposes of the DCWPCL, "wages" include, among other things:

    a. "[o]vertime premium" D.C Code § 32-1301(3)(C);

    b. "remuneration promised or owed...pursuant to a contract between an employer and another person or entity" D.C Code § 32-1301(3)(E)(ii); and

    c. "remuneration promised or owed...pursuant to District of federal law" D.C Code § 32-1301(3)(E)(iii).

64. Effective February 26, 2015, the DCWPCL states that general contractors are jointly and severally liable for the DCWPCL violations of their subcontractors. D.C. Code § 32-1303(5).

65. Defendants violated the DCWPCL by knowingly failing to pay Plaintiffs and similarly-situated individuals all wages earned, including the overtime premium pursuant to federal and District of Columbia law and the contract between Defendants and the general contractor.

66. Defendants' violations of the DCWPCL were willful.

67. For their violations of the DCWPCL, Defendants are liable to Plaintiffs and similarly-situated individuals for unpaid overtime and prevailing wages, an amount equal to three

times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT IV

### MISCLASSIFICATION OF EMPLOYEES AS INDEPENDENT CONTRACTS UNDER THE D.C. WORKPLACE FRAUD ACT

68. Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

69. The D.C. Workplace Fraud Act, D.C. Code §§ 32-1331.01-15 prohibits employers in the construction industry from improperly classifying employees as independent contractors.

70. Defendants violated the D.C. Workplace Fraud Act by knowingly and improperly classifying the Plaintiffs and similarly-situated employees as independent contractors, rather than as employees.

71. For their violations of the DCWFA, the Defendants are liable to Plaintiffs for the wages, salary, employment benefits, and other compensation denied or lost to them by reason of the violations, compensatory damages, treble damages for lost wages or benefits, and up to $500 for each violation.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against all Defendants on all counts, jointly and severally, and grant the following relief:

   a. Award Plaintiffs and similarly-situated individuals:

      i. unpaid wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C § 216;

      ii. unpaid wages, plus an amount equal to three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCMWRA, D.C. Code § 32-1012;

      iii. unpaid wages plus an amount equal to three times the amount of unpaid wages

  earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

  iv. Award the Plaintiffs $500 per week in which Plaintiffs were misclassified as independent contractors, pursuant to the Workplace Fraud Act, D.C. Code § 32-1331.01.15.

b. Award the Plaintiffs reasonable attorneys' fees and expenses incurred in the prosecution of this action;

c. Award Plaintiffs the costs that they incur in the prosecution of this action;

d. Award Plaintiffs prejudgment and post-judgment interest as permitted by law; and

e. Award any additional relief the Court deems just.

Dated: March 29, 2017

Respectfully submitted,

_____/s/_____
Christine T. Dinan (D.C. Bar No. 979762)
Matthew K. Handley (D.C. Bar No. 489946)
Dennis A. Corkery (D.C. Bar No. 1016991)
WASHINGTON LAWYERS' COMMITTEE
FOR CIVIL RIGHTS AND URBAN AFFAIRS
11 Dupont Circle, NW
Suite 400
Washington, DC 20036
Phone: (202) 319-1041
Fax: (202) 319-1010
Email: matthew_handley@washlaw.org

_____/s/_____
Henry Morris, Jr. (D.C. Bar No. 375894)
ARENT FOX LLP
1717 K Street, NW
Washington, DC 20006
Phone: (202) 857-6403
Fax: (202) 857-6395
Email: Henry.Morris@arentfox.com

_____/s/_____
Marc L. Fleischaker (D.C. Bar No. 4333)
DC AFFORDABLE LAW FIRM
1717 K Street, NW
Washington, DC 20006
Phone: (202) 844-5430
Fax: (202) 379-4001
Email: Mfleischaker@dcaffordablelaw.org

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29rd day of March, 2017, I caused the foregoing to be served on all counsel of record via this Court's ECF system.

I also served the following unrepresented defendants, by U.S. Mail, at their last known addresses, as follows:

>MJL Construction, Inc.
>6054 Ponhill Dr.
>Dale City, VA  22193
>
>Juan Luis Rodriguez-Murillo
>6054 Ponhill Dr.
>Dale City, VA  22193

>By: */s/ Christine T. Dinan*
>Christine T. Dinan (D.C. Bar No. 979762)
>WASHINGTON LAWYERS' COMMITTEE
>FOR CIVIL RIGHTS AND URBAN AFFAIRS
>11 Dupont Circle NW, Suite 400
>Washington, DC 20036
>(202) 319-1000 (telephone)
>(202) 319-1010 (facsimile)
>christine_dinan@washlaw.org
>*Attorney for Plaintiffs*